# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| OLEKSANDR YANKO<br><br>*Plaintiff,*<br><br>*v.*<br><br>RECTOR AND VISITORS OF THE<br><br>UNIVERSITY OF VIRGINIA,<br><br>ANNE M. MILLS, in her capacity as<br><br>Pathology Program Director,<br><br>KAREN WARBURTON, in her capacity as<br><br>Coordinator for Wellness Program,<br><br>MONICA LAWRENCE, in her capacity as<br><br>Designated Institutional Official,<br><br>RODNEY DIEHL, in his capacity as Faculty<br><br>and Employee Assistance Program<br><br>Consultant,<br><br>BETH DANEHY, in her capacity as Director<br><br>of Faculty and Employee Assistance Program<br><br>*Defendants.* | No. 3:25CV80<br><br>CLERK'S OFFICE U.S. DISTRICT. COURT<br>AT CHARLOTTESVILLE. VA<br>FILED<br><br>**SEP 29 2025**<br><br>LAURA A. AUSTIN, CLERK<br>BY: _____<br>DEPUTY CLERK |

1

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND

## PRELIMINARY INJUNCTION

## NATURE OF THE ACTION

1. This is an action for violations of federal employment, disability, privacy, and constitutional law, including:

- Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112, 12203

- Rehabilitation Act, 29 U.S.C. § 794

- Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2612, 2615

- Title VII of the Civil Rights Act, 42 U.S.C. § 2000e

- HIPAA, 45 C.F.R. § 164.508

- Fourteenth Amendment of the U.S. Constitution

2. Plaintiff, a resident physician at the University of Virginia ("UVA") Department of Pathology, suffers from bipolar disorder, a condition protected under the ADA. Defendants coerced Plaintiff into unnecessary out-of-state medical and professional wellness programs, threatened

2

termination, denied accommodations, required disclosure of sensitive medical information, and retaliated for asserting federally protected rights. Such termination would immediately jeopardize Plaintiff's lawful visa status, forcing him to leave the United States and disrupting his ability to continue professional training.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) because this action arises under federal statutes including the ADA, FMLA, Rehabilitation Act, Title VII, HIPAA, and the Constitution.

4. This Court has authority to grant injunctive relief under Fed. R. Civ. P. 65.

5. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in Charlottesville, Virginia, and Defendants reside and conduct business in this district.

## PARTIES

6. Plaintiff Oleksandr Yanko is a resident physician employed by UVA.

7. Rector and Visitors of UVA is the governing body of the University, a public institution and state actor, with its principal mailing address at:

   Office of the Board of Visitors

   Northwest Wing, The Rotunda

   P.O. Box 400222

   University of Virginia

   Charlottesville, VA 22904-4222

   Service may also be made on the University and all individual Defendants in their official capacities through the Office of University Counsel at:

   Madison Hall,

   P.O. Box 400318,

   Charlottesville, VA 22904.

8. Anne M. Mills, M.D., in her official capacity as UVA's Pathology Program Director.

9. Karen Warburton, M.D., in her official capacity as UVA's Coordinator for Wellness Program.

10. Monica Lawrence, M.D., in her official capacity as UVA's Designated Institutional Official.

11. Rodney Diehl, in his official capacity as UVA's Faculty & Employee Assistance Program consultant .

12. Beth Danehy, in her official capacity as UVA's Faculty & Employee Assistance Program Director.

## FACTUAL ALLEGATIONS

13. On August 6, 2025, Plaintiff contacted his primary care physician regarding psychiatric care for bipolar disorder and requested expedited assistance from Dr. Mills.

14. On August 8, 2025, Dr. Mills shared Plaintiff's request with Dr. Warburton and FEAP without Plaintiff's consent, and Plaintiff was placed on medical leave.

15. On August 12, 2025, Dr. Mills informed Plaintiff of a Fitness-for-Duty (FFD) evaluation, citing concerns about well-being and colleague interactions that arose only after Plaintiff disclosed his ADA-protected condition. Plaintiff received a text stating the pathway would remain confidential, "provided you comply."

16. Plaintiff requested local evaluation options, which were denied. The FFD evaluation (August 18–21) was scheduled at the Professional Renewal Center in Lawrence, Kansas, requiring extensive out-of-state travel that caused Plaintiff documented emotional distress.

17. On August 28, 2025, Dr. Warburton informed Plaintiff he must attend out-of-state, inpatient, costly programs ($20,000–$30,000) including trauma-focused therapy not related to his medical condition. Plaintiff raised concerns about details of the evaluation, safety, financial feasibility,

5

and medical necessity, which were ignored.

18. Plaintiff submitted multiple written requests for clarification, documentation, and reasonable accommodations, which were ignored. Plaintiff expressly notified Defendants that their actions violated disability rights protections, but Defendants nevertheless proceeded without correction, demonstrating deliberate disregard for Plaintiff's rights.

19. Final recommendations included mandatory psychotherapy with UVA-designated providers, group skills programs, and other professional wellness activities that were not medically indicated for Plaintiff's condition. Defendants threatened termination if Plaintiff failed to comply by October 1, 2025. Defendants further refused to provide financial support or accommodate Plaintiff's language needs, thereby imposing discriminatory and inaccessible conditions.

20. Plaintiff remains compliant with prescribed psychiatric medications and ongoing care. University-mandated programs are inaccessible, financially prohibitive, and coercive.

21. Defendants' actions constitute:

    a. Disability discrimination and retaliation under the ADA and Rehabilitation Act;

    b. Interference with protected leave under the FMLA;

    c. National origin discrimination under Title VII;

    d. Violation of privacy protections under HIPAA;

    e. Deprivation of liberty and property interests without due process under the Fourteenth

6

Amendment.

## CLAIMS FOR RELIEF

### Count I – Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12203

22. Plaintiff incorporates all preceding paragraphs.

23. Defendants coerced Plaintiff into participating in mandatory medical and wellness programs unrelated to essential job duties, without reasonable explanation, accommodation, or financial support, and without affording Plaintiff due process protections to challenge or appeal these mandates.

24. Defendants threatened termination for noncompliance and demanded disclosure of sensitive mental health information unrelated to essential job functions, in direct retaliation for Plaintiff's requests for psychiatric care and accommodations for his disability under the ADA.

### Count II – Rehabilitation Act, 29 U.S.C. § 794

25. Plaintiff incorporates all preceding paragraphs.

26. UVA, as a federally funded entity, denied reasonable accommodations, coerced Plaintiff into mandatory wellness and medical programs, and retaliated against him, violating Section 504.

7

### Count III – Family and Medical Leave Act, 29 U.S.C. §§ 2612, 2615

27. Plaintiff incorporates all preceding paragraphs.

28. Defendants interfered with Plaintiff's protected leave and threatened adverse employment action for exercising leave rights.

### Count IV – Title VII, 42 U.S.C. § 2000e

29. Plaintiff incorporates all preceding paragraphs.

30. Defendants denied Plaintiff access to programs and accommodations in his native language, constituting national origin discrimination under Title VII.

### Count V – HIPAA, 45 C.F.R. § 164.508

31. Plaintiff incorporates all preceding paragraphs.

32. Defendants demanded disclosure of non-job-related private medical information as a condition of continued employment, in violation of HIPAA privacy protections.

Case 3:25-cv-00080-JHY-JCH  Document 1  Filed 09/29/25  Page 9 of 10
Pageid#: 9

### Count VI – Fourteenth Amendment (Procedural Due Process & Equal Protection)

33. Plaintiff incorporates all preceding paragraphs.

34. As a state actor, UVA and its representatives deprived Plaintiff of his liberty and property interests by requiring that all medical and mental health care be obtained from providers pre-approved by UVA, interfering with Plaintiff's employment, lawful visa status, professional training, and ability to make personal medical and mental health decisions.

35. These actions violate the Fourteenth Amendment and caused irreparable harm.

---

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Issue a Temporary Restraining Order and/or Preliminary Injunction preventing Defendants from:

1. Terminating Plaintiff's employment;

2. Enforcing coerced medical or wellness programs;

3. Requiring disclosure of sensitive medical or psychiatric records;

9

B. Order Defendants to provide reasonable accommodations for Plaintiff's disability, including access to psychiatric care in his preferred language at no personal cost;

C. Award all legal and equitable relief available under ADA, Section 504, FMLA, HIPAA, Title VII, the Fourteenth Amendment, and applicable state law, including costs, fees, and damages;

D. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure. This demand does not waive Plaintiff's right to seek equitable relief, including the requested TRO and preliminary injunction.

**Dated:** September 29, 2025

**Respectfully submitted,**

Signature: _____

Oleksandr Yanko

Witton Court 117, Apt #108

Charlottesville, VA 22903

Phone: 434-409-3187

Email: oleks.yanko@gmail.com

Plaintiff, Pro Se