IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| OLEKSANDR YANKO<br><br>*Plaintiff*,<br><br>*v.*<br><br>RECTOR AND VISITORS OF THE<br><br>UNIVERSITY OF VIRGINIA,<br><br>ANNE M. MILLS, in her capacity as<br><br>Pathology Program Director,<br><br>KAREN WARBURTON, in her capacity as<br><br>Coordinator for Wellness Program,<br><br>MONICA LAWRENCE, in her capacity as<br><br>Designated Institutional Official,<br><br>RODNEY DIEHL, in his capacity as Faculty<br><br>and Employee Assistance Program<br><br>Consultant,<br><br>BETH DANEHY, in her capacity as Director<br><br>of Faculty and Employee Assistance Program<br><br>*Defendants.* | Civil Action No. 3:25-cv-00080 |

CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 06 2025

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

# SUPPLEMENTAL MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Plaintiff submits this Supplemental Memorandum pursuant to Federal Rule of Civil Procedure 59(e) to provide additional evidence and clarification in support of his Motion for Temporary Restraining Order and/or Preliminary Injunction. This filing presents newly available documentation reflecting Plaintiff's recent professional evaluations, the unreasonable financial and logistical burdens imposed by Defendants' mandated out-of-state programs, and the availability of psychotherapy in Plaintiff's native language. Plaintiff respectfully requests that the Court consider this supplemental memorandum and the attached exhibits in conjunction with his original memorandum to ensure the full and accurate adjudication of the claims at issue.

---

## I. Policy 26 and Its Unreasonable Application

Defendants' enforcement of Graduate Medical Education Policy No. 26 was inconsistent, coercive, and exceeded the scope of the written policy. Policy 26 does not specify that Fitness-for-Duty evaluations must be conducted by a particular out-of-state provider, nor does it require disclosure of personal medical information to University representatives as a condition of continued employment. By mandating costly inpatient programs at All Points North and Pine Grove, with costs ranging from $20,000 to $85,000, Defendants imposed financial burdens not contemplated by the policy. Nothing in Policy 26 states that a trainee must personally pay for such treatment.

Defendants further violated the confidentiality protections contained in Policy 26. Section E.3.j provides that "records of fitness-for-duty evaluations shall be treated as confidential medical records and maintained by FEAP, the Clinician Wellness Program, and/or Employee Health, as appropriate. This information may be shared only when necessary to support treatment and business operations, and upon the execution of an appropriate release by the individual trainee or as otherwise permitted or required by law." Plaintiff later learned that information regarding the Fitness-for-Duty evaluation was disclosed to faculty not directly involved in the process, without Plaintiff's consent, contrary to these confidentiality provisions. The policy does not require disclosure of private medical information for continued employment; however, FEAP representative Rodney Diehl suggested that it was required during a conversation on October 3, 2025.

Defendants also failed to comply with Policy 26 §E.3.e, which requires the Program Director to complete an Initial Observation Report and provide it to FEAP or the Clinician Wellness Program at the time of referral. According to FEAP Director Beth Danehy, in a conversation on

September 19, no such report was provided. This omission deprived FEAP of the information required by policy to conduct a proper evaluation.

Finally, Defendants triggered Policy 26 while Plaintiff was already on medical leave, without in-person observation or removal from duty. Policy 26 §E.3.a requires the Program Director to meet with the trainee in private, with a witness, and remove the trainee from duty at the time of the alleged impairment. The policy contemplates in-person action while the trainee is actively performing clinical duties. Here, Dr. Mills triggered the Fitness-for-Duty process by telephone on August 12, 2025, while Plaintiff was already on leave. This deviation from mandatory procedures undermines the validity of the process.

---

## II. Failure to Follow Established Policies as Evidence of Pretext

Courts in this Circuit recognize that an employer's failure to follow its own policies is probative of pretext and unlawful motive. In *Wannamaker-Amos v. Purem Novi, Inc.*, the Fourth Circuit reversed summary judgment where the employer failed to adhere to its own policy, holding that such departures could allow a reasonable jury to infer discrimination. *Wannamaker-Amos v. Purem Novi, Inc.*, No. 20-1656, 2022 WL 1739987, at 5–6 (4th Cir. June 1, 2022).

Similarly, Defendants failed to follow multiple mandatory provisions of Policy 26, including the Initial Observation Report (§E.3.e), in-person observation and removal from duty (§E.3.a–c), and confidentiality protections (§E.3.j). These departures demonstrate pretext and retaliatory motive.

This principle is reinforced by the *Accardi* doctrine, which requires that agencies and public institutions adhere to their own regulations. In *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), the Supreme Court invalidated agency action taken in violation of its rules. The Court reaffirmed this principle in *Vitarelli v. Seaton*, 359 U.S. 535, 539–40 (1959), holding that failure to follow mandatory procedures governing removal of an employee rendered the action unlawful. As a public institution, the University of Virginia is bound by its own Graduate Medical Education policies. By disregarding Policy 26's mandatory provisions, Defendants acted arbitrarily and unlawfully, violating both Plaintiff's procedural rights and federal anti-discrimination protections.

---

## III. Plaintiff's Professional Performance and Qualifications

The supplemental exhibits demonstrate that Plaintiff is fully qualified under ADA standards. A February 2025 letter of recommendation from Dr. Mills, written before disclosure of Plaintiff's disability, reflects a positive working relationship and strong performance. Additional faculty

evaluations, including July 2025, highlight Plaintiff's competence and professionalism. Examination results confirm mastery of pathology competencies, and published academic work evidences recognition by the medical community. These materials establish that Defendants' adverse actions are not based on performance but on retaliation and discrimination.

## IV. Unreasonable and Costly Treatment Mandates

Defendants required Plaintiff to attend inpatient programs at All Points North and Pine Grove, with costs ranging from $20,000 to $85,000. These conditions were imposed without justification, despite Plaintiff's successful ongoing psychotherapy with his own provider. The imposition of such financially prohibitive requirements constitutes coercion and violates the ADA's mandate to provide accommodations in the most integrated and reasonable setting. *See Olmstead v. L.C.*, 527 U.S. 581 (1999).*

## V. Reasonable Accommodation in Plaintiff's Native Language

Plaintiff continues psychotherapy with his own psychotherapist in his native language, facilitating effective communication and treatment. Denying access to therapy in Plaintiff's native language undermines treatment efficacy and constitutes a failure to reasonably accommodate. *See EEOC v. Premier Operator Servs., Inc.*, 113 F. Supp. 2d 1066, 1070 (N.D. Tex. 2000).*

## VI. Conclusion

The supplemental exhibits and arguments further establish that Plaintiff is a qualified individual under the ADA, that Defendants' actions are retaliatory and discriminatory, and that Plaintiff faces imminent irreparable harm. Defendants' enforcement of Policy 26 was arbitrary, inconsistent, and coercive, creating impossible requirements that jeopardize Plaintiff's health, visa status, and professional development. Plaintiff's strong evaluations, academic record, and continued competence demonstrate that Defendants' actions lack legitimate justification.

The balance of equities favors granting injunctive relief, and the public interest is served by enforcing federal anti-discrimination protections and requiring public institutions to follow their own rules. Accordingly, Plaintiff respectfully requests that the Court consider this Supplemental Memorandum in conjunction with his original filing and grant the Temporary Restraining Order and/or Preliminary Injunction to prevent Defendants from terminating Plaintiff's employment,

enforcing coercive wellness programs, or interfering with his medical care or visa status until these claims can be fully adjudicated.

Executed this 6th day of October, 2025, in Charlottesville, Virginia.

Dated: October 6, 2025

Respectfully submitted,

Signature: _____
Oleksandr Yanko
117 Witton Court, Apt. 108
Charlottesville, VA 22903
Phone: (434) 409-3187
Email: oleks.yanko@gmail.com
Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

**OLEKSANDR YANKO,**
Plaintiff,

v.

**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, et al.,**
Defendants.

Civil Action No. 3:25-cv-00080

## CERTIFICATE OF SERVICE

I hereby certify that on October 6th, 2025, at 8:35 AM, I served a true and correct copy of the following documents:

- Exhibits 27-34

- Supplemental Memorandum

- Supplemental Declaration

- Order issued on October 1st

on the Defendants by email to the University of Virginia's Office of the University Counsel, the official point of contact for all Defendants:

University Counsel, University of Virginia
Email: UniversityCounsel@virginia.edu

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of September, 2025, in Charlottesville, Virginia.

Signature: _____
Oleksandr Yanko
Witton Court 117, Apt #108
Charlottesville, VA 22903
Phone: 434-409-3187
Email: oleks.yanko@gmail.com
Plaintiff, Pro Se